UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2018 APR -9  PM 4: 02

MARIA MOREL,

Plaintiff,

CV 18 2108

Civil Action No. 18-CV-_____

v.

(_____, J.)
(_____, M.J.)

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE F/K/A LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE
HOSPITAL-BROOKLYN F/K/A LUTHERAN
MEDICAL CENTER, YITZCHAK MOSHENYAT,
M.D. A/K/A ISAAC MOSHENYAT, M.D.,
ADVANCED MEDICAL GROUP, P.C., DANIEL
NOROWITZ, M.D. and RADIOLOGY ASSOCIATES
OF BROOKLYN, LLP,

**NOTICE OF REMOVAL**

DONNELLY, J.

LEVY, M.J.

Defendants.

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of New

York, County of Kings, has been removed to the United States District Court for the Eastern

District of New York.

RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York,

by GAIL A. MATTHEWS, Assistant United States Attorney, of counsel, respectfully states the

following facts upon information and belief:

1.     The above-captioned action was commenced in the Supreme Court of the State of

New York, County of Kings, Index No. 518060/2017, and names as defendants BHUPENDRA

WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN

FAMILY HEALTH CENTER, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN

MEDICAL CENTER, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D.,

1

ADVANCED MEDICAL GROUP, P.C., DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP. *See* Summons and Verified Complaint, dated September 19, 2017, and annexed hereto as Exhibit A.

2.      On or about October 12, 2017, defendant NYU Langone Hospitals s/h/a NYU Langone Hospital-Brooklyn f/k/a Lutheran Medical Center filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit B.

3.      On or about October 13, 2017, defendants Daniel Norowitz, M.D. and Radiology Associates of Brooklyn, LLP filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit C.

4.      On or about November 2, 2017, defendants Yitzchak Moshenyat, M.D. s/h/a Yitzchak Moshenyat, M.D. a/k/a Isaac Moshenyat, M.D. and Advanced Medical Group, P.C. filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit D.

5.      This action alleges medical malpractice on the part of the defendants. Specifically, the complaint alleges that from on or about August 4, 2011, defendants were negligent in the administration of proper medical care. *See generally* Exhibit A, Complaint.

6.      At all relevant times articulated in the Complaint, defendant Family Health Centers at NYU Langone f/k/a Lutheran Family Health Center ("Health Center") was a federally supported health center and deemed by the Department of Health and Human Services, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FSHCAA"), eligible for coverage under the Federal Tort Claims Act. *See* Declaration of Meredith Torres, annexed hereto as Exhibit E.

7.      At all relevant times articulated in the Complaint, defendant Bhupendra

Wagley, M.D. was an employee of the Health Center, and was acting within the course and scope of such deemed employment with the United States of America, and therefore deemed eligible for coverage under the Federal Tort Claims Act. *See* Exhibit E.

8.      At all relevant times articulated in the Complaint, defendant Bhupendra Wagley, M.D., as an employee of the Health Center, was deemed, pursuant to 42 U.S.C. § 233(g)- (h), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. *See* Certification of Scope of Employment and Notice of Substitution of the United States of America by Assistant U.S. Attorney Gail A. Matthews, dated April 9, 2018, attached hereto as Exhibit F.

9.      Pursuant to 42 U.S.C. § 233(c), this action may be removed to this Court because the Verified Complaint purports to assert claims against the United States of America, by way of defendants Bhupendra Wagley, M.D. and the Health Center, and purports to raise matters under federal law.

10.      Pursuant to 42 U.S.C. § 233(c), 28 C.F.R. § 15.4, and the Certification of Scope of Employment, the United States of America is substituted as the party defendant for defendants Bhupendra Wagley, M.D. and the Health Center. *See* Certification of Scope of Employment (Exhibit F).

11.      Pursuant to 28 U.S.C. § 2408 and 42 U.S.C. § 233(c), the United States of America may remove this action without a bond.

12.      The United States Attorney's Office has not yet been served with the Summons and Verified Complaint in this action.

13.      In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this Notice with the Clerk of the Court, Supreme Court of the State of New York, County of Kings, shall affect the

3

removal and the local court shall proceed no further with respect to the action, unless and until the case is remanded.

WHEREFORE, it is respectfully requested that the above-captioned action that is pending in the Supreme Court for the State of New York, County of Kings be removed to his Court.

Dated: Brooklyn, New York
       April 9, 2018

                                       Respectfully submitted,
                                         RICHARD P. DONOGHUE
                                         United States Attorney
                                         Eastern District of New York
                                         271 Cadman Plaza East
                                         Brooklyn, New York 11201

By:                      _____
                                         GAIL A. MATTHEWS
                                         Assistant United States Attorney
                                         (718) 254-6025
                                         gail.matthews2@usdoj.gov

To:    Clerk of the Court (by ECF)
       Supreme Court of the State of New York
       County of Kings
       360 Adams St.
       Brooklyn, New York 11201

       Perry D. Silver, Esq. (by ECF and Federal Express)
       SILVER & KELMACHTER, LLP
       Attorneys for Plaintiff
       11 Park Place, Suite 1214
       New York, New York 10007
       (212) 661-8400
       *Attorneys for Plaintiff*

       Margaret Antonino, Esq. (by ECF and Federal Express)
       VIGORITO, BARKER, PORTER, & PATTERSON, LLP
       300 Garden City Plaza, Suite 308
       Garden City, New York 11530
       (516) 282-3355
       *Attorneys for Defendant NYU Langone Hospitals s/h/a NYU Langone Hospital-Brooklyn f/k/a Lutheran Medical Center*

Karen Hauss, Esq. (by ECF and Federal Express)
VASLAS LEPOWSKY HAUSS & DANKE LLP
201 Edward Curry Avenue, Suite 100
Staten Island, New York 10314
(718) 761-9300
*Attorneys for Defendants Daniel Norowitz, M.D. and*
*Radiology Associates of Brooklyn, LLP*

Laura R. Shapiro, Esq. (by ECF and Federal Express)
McALOON & FRIEDMAN, P.C.
123 William Street, 25th Floor
New York, NY 10038
(212) 732-8700
*Attorneys for Defendants Yitzchak Moshenyat, M.D. s/h/a Yitzchak Moshenyat, M.D.*
*a/k/a Isaac Moshenyat, M.D., and Advanced Medical Group, P.C.*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------------X

MARIA MOREL,

                                          Plaintiff,

          -against-

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE F/K/A LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE
HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL
CENTER, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC
MOSHENYAT, M.D., ADVANCED MEDICAL GROUP,
P.C., DANIEL NOROWITZ, M.D. and RADIOLOGY
ASSOCIATES OF BROOKLYN, LLP

                                          Defendants.

----------------------------------------------------------------------X

**Index No.: _____ /17**

Plaintiff designates KINGS
County as the place of trial.
The basis of venue is:
Plaintiff's place of residence.

**SUMMONS**

Plaintiff's Address:
3328 West 8th Street, Apt. 5-D
Brooklyn, NY 11223
County of Kings

**TO THE ABOVE NAMED DEFENDANTS:**

          **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
          September 19, 2017

                                             MARIA P. OJEDA, ESQ.
                                             SILVER & KELMACHTER, LLP
                                             Attorneys for Plaintiff
                                             11 Park Place, Suite 1214
                                             New York, New York 10007
                                             (212) 661-8400

**DEFENDANTS' ADDRESSES:**

**BHUPENDRA WAGLEY, M.D.**
8502 Fort Hamilton Parkway
Brooklyn, NY 11206

**FAMILY HEALTH CENTERS AT NYU LANGONE
F/K/A SUNSET PARK LUTHERAN FAMILY HEALTH CENTER**
150 55th Street
Brooklyn, NY 11220

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM INDEX NO. 518060/2017
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/19/2017

**NYU LANGONE HOSPITAL—BROOKLYN F/K/A LUTHERAN MEDICAL CENTER**
150 55th Street
Brooklyn, NY 11220

**YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D.**
2044 Ocean Avenue, Suite A-3
Brooklyn, NY 11230

**ADVANCED MEDICAL GROUP, P.C.**
2044 Ocean Avenue, Suite A-3
Brooklyn, NY 11230

**DANIEL NOROWITZ, M.D.**
1423 57th Street, Suite A-3
Brooklyn, NY 11230

**RADIOLOGY ASSOCIATES OF BROOKLYN, LLP**
1423 57th Street, Suite A-3
Brooklyn, NY 11230

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM          INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 09/19/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MARIA MOREL,                                              **VERIFIED COMPLAINT**

                          Plaintiff,                      Index No. _____

              -against-

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE F/K/A LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE
HOSPITAL-BROOKLYN F/K/A LUTHERAN
MEDICAL CENTER, YITZCHAK MOSHENYAT,
M.D. A/K/A ISAAC MOSHENYAT, M.D.,
ADVANCED MEDICAL GROUP, P.C., DANIEL
NOROWITZ, M.D., and RADIOLOGY ASSOCIATES
OF BROOKLYN, LLP,

                          Defendants.
-----------------------------------------------------------------X

     Plaintiff, by her attorneys, SILVER & KELMACHTER, LLP, as and for a Verified

Complaint against the defendants, upon information and belief, does allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN HEALTH CENTER and NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER

     1.     That at all times hereinafter mentioned, the plaintiff, MARIA MOREL, resided

and continues to reside in the County of Kings, State of New York.

     2.     That at all times hereinafter mentioned, defendant, BHUPENDRA WAGLEY,

M.D. was a resident of the State of New York and/or did commit tortious acts and omissions

within the State of New York which subjects the defendant to the jurisdiction of the Supreme

Court of the State of New York.

     3.     That at all times hereinafter mentioned, defendant, BHUPENDRA WAGLEY,

M.D. did maintain an office for the practice of medicine at 150 55th Street, Brooklyn, NY 11220.

1

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM   INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/19/2017

4.    That at all times hereinafter mentioned, defendant, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, located at 150 55th Street, Brooklyn, NY 11220, was and still is a domestic corporation or other business entity duly organized and existing under and by virtue of the laws of the State of New York.

5.    That at all times hereinafter mentioned, defendant, FAMILY HEALTH CENTERS AT NYU LANGONE was a successor in interest of LUTHERAN FAMILY HEALTH CENTER, including but not limited to assuming the liabilities of the predecessor business entity.

6.    That at all times hereinafter mentioned, defendant, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER did own, maintain, operate and manage a medical facility located at 150 55th Street, Brooklyn, NY 11220, which was licensed by the State of New York to provide medical care and treatment to patients.

7.    That at all times hereinafter mentioned, the defendant, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER, located at 150 55th Street, Brooklyn, NY 11230 was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    That at all times hereinafter mentioned, defendant, NYU LANGONE HOSPITAL-BROOKLYN was a successor in interest of LUTHERAN MEDICAL CENTER, including but not limited to assuming the liabilities of the predecessor business entity.

9.    That at all times hereinafter mentioned, defendant, BHUPENDRA WAGLEY, M.D., was a physician duly licensed to practice medicine in the State of New York.

10.    That at all times hereinafter mentioned, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, the defendant,

2

Case 1:18-cv-02108-AMD-RML   Document 1   Filed 04/09/18   Page 11 of 75 PageID #: 11

BHUPENDRA WAGLEY, M.D. was employed by defendant, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER.

11.     That at all times hereinafter mentioned, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, the defendant, BHUPENDRA WAGLEY, M.D. was acting within the scope, course and/or in furtherance of her employment with defendant, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER.

12.     That at all times hereinafter mentioned, the defendant, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER was and still is a facility which was licensed by the State of New York to operate as a hospital facility in the State of New York at 150 55th Street, Brooklyn, New York 11220.

13.     That at all times hereinafter mentioned, the defendant NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER did own, maintain, operate and manage a hospital facility located at 150 55th Street, Brooklyn, NY 11220.

14.     That at all pertinent times, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto the defendant, BHUPENDRA WAGLEY, M.D. was employed by defendant NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER.

15.     That at all pertinent times, including from on or about  May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto the defendant, BHUPENDRA WAGLEY, M.D. was acting within the scope, course and/or in furtherance of her employment with defendant, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER.

3

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM   INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 09/19/2017

16.     That at all times hereinafter mentioned, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was a patient of defendant, BHUPENDRA WAGLEY, M.D.

17.     That at all times hereinafter mentioned, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was a patient of defendant, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER.

18.     That at all times hereinafter mentioned, including from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was a patient of defendant NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER.

19.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, plaintiff, MARIA MOREL was treated, tested and evaluated by defendants, BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER and NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER and came under the care of their doctors, nurses and medical staff and/or those acting on their behalf and was a patient at their facility for the purpose of undergoing medical care.

20.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, defendants, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER, its agents, servants, employees, including but not limited to defendant, BHUPENDRA WAGLEY, M.D., rendered

4

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                                        RECEIVED NYSCEF: 09/19/2017

medical, nursing, diagnostic and other medical care, treatment and services to plaintiff, MARIA MOREL.

21.     That from on or about May 2, 2012 and continuing until on or about March 28, 2017 and prior and subsequent thereto, while plaintiff, MARIA MOREL was a patient of defendants, FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER and NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER by their duly authorized doctor(s), nurse(s), staff, agents and employees, including but not limited to defendant, BHUPENDRA WAGLEY, M.D., they were negligent, careless, unskillful and committed acts and omissions which constituted medical negligence and medical malpractice in connection with the medical and diagnostic care rendered to MARIA MOREL, in the following manner: in failing to properly and timely diagnose or detect MARIA MOREL's pancreatic cancer and in causing unreasonable delays in treatment; in failing to timely appreciate and respond to the signs and symptoms which the plaintiff exhibited; in causing unreasonable delays in the diagnosis and treatment of plaintiff's pancreatic cancer; in causing delays which permitted plaintiff's pancreatic cancer to progress and become more advanced; in failing to take into consideration the plaintiff's clinical information; in failing to take the proper steps and procedures to determine the condition of plaintiff's pancreas and related anatomic structures and tissues; in failing to timely undertake reasonable precautions to protect and maintain the health of plaintiff's pancreas and related anatomic structures and tissues; in failing to provide proper medical and diagnostic care and work up; in failing to promptly and timely order, recommend, prescribe and/or arrange for other diagnostic testing of the pancreas and in failing to refer plaintiff for specialized care; in failing to treat the plaintiff for her true condition; in rendering medical and/or diagnostic care without the proper skill and safety; in

5

providing poor and substandard medical and diagnostic care; in failing to timely take the proper steps and procedures to determine the condition of plaintiff's pancreas; in failing to properly interpret or read the images on diagnostic tests and scans and in ignoring or failing to appreciate images present on those films; in failing to timely and appropriately order the necessary and indicated consultations with the appropriate specialists; in failing to recognize the signs and symptoms of pancreatic cancer; in delaying the undertaking of timely, proper and indicated intervention, which led to a significant delay in the inception of treatment and a missed opportunity to initiate treatment at an earlier time when there was a better chance for it to be effective; in ignoring or failing to timely notice, appreciate and/or to act upon the signs and symptoms, which were present at or about the time of plaintiff's treatment; in failing to timely undertake and order, recommend, prescribe and/or arrange for additional diagnostic testing and/or specialized consultations and/or tests, which were indicated under the circumstances; in causing delays which resulted in a significant diminution of the chance to have effective treatment and remission; and in failing to adhere to the standards of good and accepted medical practice, care and treatment, which were prevailing in the medical community.

22.     That as a direct and proximate result of the medical negligence, medical malpractice and substandard medical treatment of the defendants, BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER and NYU LANGONE HOSPITAL—BROOKLYN F/K/A LUTHERAN MEDICAL CENTER and/or those acting on their behalf, plaintiff, MARIA MOREL, was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused her to endure conscious pain and suffering, including but not limited to pancreatic cancer, diminished prognosis, hospitalization, physical impairment, great pain, agony,

6

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM          INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/19/2017

mental anguish, emotional distress and surgical intervention. This includes the loss of the opportunity to treat a cancerous condition at a significantly earlier stage and to obtain a better prognosis and treatment options.

23.     That as a consequence of the foregoing, plaintiff, MARIA MOREL has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts, which would have otherwise have jurisdiction over this case.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. and
ADVANCED MEDICAL GROUP, P.C.**

24.     Plaintiff repeats and realleges each and every allegation of the first cause of action as if fully set forth herein at length.

25.     That at all times hereinafter mentioned, defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. was a resident of the State of New York and/or did commit tortious acts and omissions within the State of New York which subjects the defendant to the jurisdiction of the Supreme Court of the State of New York.

26.     That at all times hereinafter mentioned, defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. did maintain an office for the practice of medicine at 2044 Ocean Avenue, Suite A-3, Brooklyn, New York 11230.

27.     That at all times hereinafter mentioned, defendant, ADVANCED MEDICAL GROUP, P.C., located at 2044 Ocean Avenue, Suite A-3, Brooklyn, New York 11230, was and still is a professional corporation duly organized and existing under and by virtue of the laws of the State of New York.

28.     That at all times hereinafter mentioned, defendant, ADVANCED MEDICAL GROUP, P.C. did own, maintain, operate and manage a medical facility located at 2044 Ocean

7

Avenue, Suite A-3, Brooklyn, New York 11230, which was licensed by the State of New York

to provide medical care and treatment to patients.

29.     That at all times hereinafter mentioned, defendant, YITZCHAK MOSHENYAT,

M.D. A/K/A ISAAC MOSHENYAT, M.D. was a physician duly licensed to practice medicine

in the State of New York.

30.     That at all times hereinafter mentioned, including from on or about August 4, 2011

and continuing until on or about November 9, 2015 and prior and subsequent thereto, the

defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. was

employed by defendant, ADVANCED MEDICAL GROUP, P.C.

31.     That at all times hereinafter mentioned, including from on or about August 4, 2011

and continuing until on or about November 9, 2015 and prior and subsequent thereto, the

defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. was acting

within the scope, course and/or in furtherance of his employment with defendant, ADVANCED

MEDICAL GROUP, P.C.

32.     That at all times hereinafter mentioned, including from on or about August 4, 2011

and continuing until on or about November 9, 2015 and prior and subsequent thereto, plaintiff,

MARIA MOREL was a patient of defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC

MOSHENYAT, M.D.

33.     That at all times hereinafter mentioned, including from on or about August 4, 2011

and continuing until on or about November 9, 2015 and prior and subsequent thereto, plaintiff,

MARIA MOREL was a patient of defendant, ADVANCED MEDICAL GROUP, P.C.

34.     That from on or about August 4, 2011 and continuing until on or about November

9, 2015 and prior and subsequent thereto, plaintiff, MARIA MOREL was treated, tested and

evaluated by defendants, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. and ADVANCED MEDICAL GROUP, P.C. and came under the care of their doctors, nurses and medical staff and/or those acting on their behalf and was a patient at their facility for the purpose of undergoing medical care.

35.     That from on or about August 4, 2011 and continuing until on or about November 9, 2015 and prior and subsequent thereto, defendant, ADVANCED MEDICAL GROUP, P.C., its agents, servants, employees, including but not limited to defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D., rendered medical, nursing, diagnostic and other medical care, treatment and services to plaintiff, MARIA MOREL.

36.     That from on or about August 4, 2011 and continuing until on or about November 9, 2015 and prior and subsequent thereto, while plaintiff, MARIA MOREL was a patient of defendant, ADVANCED MEDICAL GROUP, P.C. by their duly authorized doctor(s), nurse(s), staff, agents and employees, including but not limited to defendant, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. they were negligent, careless, unskillful and committed acts and omissions which constituted medical negligence and medical malpractice in connection with the medical, gastroenterological and diagnostic care rendered to MARIA MOREL, in the following manner: in failing to properly and timely diagnose or detect MARIA MOREL's pancreatic cancer and in causing unreasonable delays in treatment; in failing to undertake reasonable precautions to protect and maintain the health of plaintiff's pancreatic cancer; in failing to timely appreciate and respond to the signs and symptoms which the plaintiff exhibited; in failing to formulate a differential diagnosis; in failing to take into consideration the plaintiff's clinical information; in causing unreasonable delays in the diagnosis and treatment of plaintiff's pancreatic cancer; in causing delays which permitted plaintiff's pancreatic cancer to

9

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM                    INDEX NO. 518060/2017

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 09/19/2017

progress and become more advanced; in failing to take the proper steps and procedures to determine the condition of plaintiff's pancreas and related anatomic structures and tissues; in failing to timely undertake reasonable precautions to protect and maintain the health of plaintiff's pancreas and related anatomic structures and tissues; in failing to properly interpret or read the images on diagnostic tests and scans and in ignoring or failing to appreciate images present on those films; in failing to provide proper medical and diagnostic care and work up; in failing to promptly and timely order, recommend, prescribe and/or arrange for other diagnostic testing of the pancreas and in failing to refer plaintiff for specialized care; in failing to treat the plaintiff for her true condition; in providing poor and substandard medical and diagnostic care; in failing to timely take the proper steps and procedures to determine the condition of plaintiff's pancreas; in failing to timely and appropriately order the necessary and indicated consultations with the appropriate specialists; in failing to recognize the signs and symptoms of pancreatic cancer; in delaying the undertaking of timely, proper and indicated intervention, which led to a significant delay in the inception of treatment and a missed opportunity to initiate treatment at an earlier time when there was a better chance for it to be effective; in ignoring or failing to timely notice, appreciate and/or to act upon the signs and symptoms, which were present at or about the time of plaintiff's treatment; in causing delays which resulted in a significant diminution of the chance to have effective treatment and remission; in failing to timely undertake and order, recommend, prescribe and/or arrange for additional diagnostic testing and/or specialized consultations and/or tests, which were indicated under the circumstances; and in failing to adhere to the standards of good and accepted medical practice, care and treatment, which were prevailing in the medical community.

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM          INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 09/19/2017

37.     That as a direct and proximate result of the medical negligence, medical malpractice and substandard medical treatment of defendants, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D. and ADVANCED MEDICAL GROUP, P.C. and/or those acting on their behalf, plaintiff, MARIA MOREL, was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused her to endure conscious pain and suffering, including but not limited to pancreatic cancer, diminished prognosis, hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention. This includes the loss of the opportunity to treat a cancerous condition at a significantly earlier stage and to obtain a better prognosis and treatment options.

38.     That as a consequence of the foregoing, plaintiff, MARIA MOREL has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this case.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP

39.     Plaintiff repeats and realleges each and every allegation of the first cause of action as if fully set forth herein at length.

40.     That at all times hereinafter mentioned, defendant, DANIEL NOROWITZ, M.D. was a resident of the State of New York and/or did commit tortious acts and omissions within the State of New York which subjects the defendant to the jurisdiction of the Supreme Court of the State of New York.

41.     That at all times hereinafter mentioned, defendant, DANIEL NOROWITZ, M.D. did maintain offices for the practice of medicine at 1423 57th Street, Brooklyn, NY 11219 and 2021 Avenue X, Brooklyn, NY 11235.

11

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM          INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/19/2017

42.     That at all times hereinafter mentioned, defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP, located at 1423 57th Street, Brooklyn, NY 11219 and 2021 Avenue X, Brooklyn, NY 11235 was and still is a domestic professional corporation duly organized and existing under and by virtue of the laws of the State of New York.

43.     That at all times hereinafter mentioned, defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP did own, maintain, operate and manage a medical facility located at 1423 57th Street, Brooklyn, NY 11219 and 2021 Avenue X, Brooklyn, NY 11235, which was licensed by the State of New York to provide medical care and treatment to patients.

44.     That at all times hereinafter mentioned, defendant, DANIEL NOROWITZ, M.D. was a physician duly licensed to practice medicine in the State of New York.

45.     That at all times hereinafter mentioned, including on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto, the defendant, DANIEL NOROWITZ, M.D. was employed by defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP.

46.     That at all times hereinafter mentioned, including on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto, the defendant DANIEL NOROWITZ, M.D. was acting within the scope, course and/or in furtherance of his employment with defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP.

47.     That at all times hereinafter mentioned, including on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto plaintiff, MARIA MOREL was a patient of defendant, DANIEL NOROWITZ, M.D.

48.     That at all times hereinafter mentioned, including on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto plaintiff, MARIA MOREL was a patient of defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP.

12

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM   INDEX NO. 518060/2017
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 09/19/2017

49. That on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto, plaintiff, MARIA MOREL was treated, tested and evaluated by defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP. and came under the care of their doctors, nurses and medical staff and/or those acting on their behalf and was a patient at their facility for the purpose of undergoing medical and radiological care.

50. That on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto, plaintiff, MARIA MOREL was treated, tested and evaluated by defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP and came under the care of their doctors, nurses and medical staff and/or those acting on their behalf and was a patient at their facility for the purpose of undergoing medical and radiological care.

51. That on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto, defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP its agents, servants, employees, including but not limited to defendant, DANIEL NOROWITZ, M.D., rendered medical, radiological, nursing, diagnostic and other medical care, treatment and services to plaintiff, MARIA MOREL.

52. That on or about April 9, 2015 and October 26, 2015 and prior and subsequent thereto, while plaintiff, MARIA MOREL was a patient of defendant, RADIOLOGY ASSOCIATES OF BROOKLYN, LLP by their duly authorized doctor(s), nurse(s), staff, agents and employees, including but not limited to defendant, DANIEL NOROWITZ, M.D. they were negligent, careless, unskillful and committed acts and omissions which constituted medical negligence and medical malpractice in connection with the medical and diagnostic care rendered to MARIA MOREL, in the following manner: in failing to properly interpret, read and report the MRI of the abdomen taken on October 26, 2015; in failing to properly and timely diagnose or

13

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM
NYSCEF DOC. NO. 1

Case 1:18-cv-02108-AMD-RML Document 1 Filed 04/09/18 Page 22 of 75 PageID #: 22
INDEX NO. 518660/2017
RECEIVED NYSCEF: 09/19/2017

detect MARIA MOREL's pancreatic cancer and in causing unreasonable delays in treatment; in failing to recognize the signs and indications of pancreatic cancer on plaintiff's radiological films; in failing to properly interpret plaintiff's radiological films and studies, including MRI of the abdomen; in negligently interpreting plaintiff's radiological films; in failing to observe and appreciate the presence of findings suspicious for pancreatic cancer; in failing to recommend further studies to evaluate the pancreas; in failing to formulate a differential diagnosis; in failing to promptly and timely order, recommend, prescribe and/or arrange for other diagnostic testing of the pancreas and in failing to refer plaintiff for specialized care; in failing to undertake reasonable precautions to protect and maintain the health of plaintiff's pancreatic cancer; in failing to properly interpret or read the images on diagnostic tests and scans and in ignoring or failing to appreciate images present on those films; in failing to timely appreciate and respond to the signs and symptoms which the plaintiff exhibited; in causing unreasonable delays in the treatment of plaintiff's pancreatic cancer; in causing delays which permitted plaintiff's pancreatic cancer to progress and become more advanced; in failing to take the proper steps and procedures to determine the condition of plaintiff's pancreas and related anatomic structures and tissues; in failing to timely undertake reasonable precautions to protect and maintain the health of plaintiff's pancreas and related anatomic structures and tissues; in failing to provide proper medical and diagnostic care and work up; in failing to treat the plaintiff for her true condition; in rendering medical and/or diagnostic care without the proper skill and safety; in providing poor and substandard medical and diagnostic care; in failing to timely take the proper steps and procedures to determine the condition of plaintiff's pancreas; in failing to timely and appropriately order the necessary and indicated consultations with the appropriate specialists; in failing to recognize the signs and symptoms of pancreatic cancer; in delaying the undertaking of timely, proper and

14

indicated intervention, which led to a significant delay in the inception of treatment and a missed opportunity to initiate treatment at an earlier time when there was a better chance for it to be effective; in ignoring or failing to timely notice, appreciate and/or to act upon the signs and symptoms, which were present at or about the time of plaintiff's treatment; in causing delays which resulted in a significant diminution of the chance to have effective treatment and remission; in failing to timely undertake and order, recommend, prescribe and/or arrange for additional diagnostic testing and/or specialized consultations and/or tests, which were indicated under the circumstances; and in failing to adhere to the standards of good and accepted medical practice, care and treatment, which were prevailing in the medical community.

53.     That as a direct and proximate result of the medical negligence, medical malpractice and substandard medical treatment of the defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP and/or those acting on their behalf, plaintiff, MARIA MOREL, was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused her to endure conscious pain and suffering, including but not limited to pancreatic cancer, diminished prognosis, hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention.  This includes the loss of the opportunity to treat a cancerous condition at a significantly earlier stage and to obtain a better prognosis and treatment options.

54.     That as a consequence of the foregoing, plaintiff, MARIA MOREL has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this case

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS BASED ON SECTION 2805-d OF THE PUBLIC HEALTH LAW

15

55.    Plaintiff repeats and realleges each and every allegation of the first and second causes of action as if fully set forth herein at length.

56.    That as part of the above medical and diagnostic treatment, which was rendered to plaintiff MARIA MOREL by defendants BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D., ADVANCED MEDICAL GROUP, P.C., DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP and/or those acting on their behalf, the plaintiff alleges a cause of action based upon a lack of informed consent, arising from said defendants' acts and omissions and their failure to comply with what is required by section 2805-d of the Public Health Law of the State of New York.

57.    That in connection with the medical and diagnostic treatment rendered to the plaintiff, MARIA MOREL by defendants BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D., ADVANCED MEDICAL GROUP, P.C., DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP and/or those acting on their behalf, failed to adequately disclose the material risks, benefits, and alternatives to the medical care, which a reasonable medical practitioner/facility under similar circumstances would have disclosed, in a manner permitting the plaintiff to make a knowledgeable evaluation, such that a reasonable prudent person in the

16

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM   INDEX NO. 518060/2017
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 09/19/2017

plaintiff's position would not have undergone the treatment and/or care had she been so fully informed by the defendants or those acting on their behalf for this purpose.

58.     That as a consequence of her not having been given qualitative information to permit reasonable decision making on the topic of the medical and diagnostic care and treatment, plaintiff MARIA MOREL was wrongfully deprived of the ability to decide upon and reject her undergoing the care and treatment rendered, and thereby suffered damages and injuries, and the plaintiff therefor has a cause of action against the defendants for the plaintiff being deprived of the ability to render informed consent.

59.     That as a direct and proximate result of her lack of informed consent, as a result of the acts and omissions of the defendants and those acting on their behalf, plaintiff MARIA MOREL, was caused to sustain severe and permanent personal injuries and complications, of a painful and disabling nature, which caused her to endure conscious pain and suffering, including but not limited to pancreatic cancer, diminished prognosis, hospitalization, physical impairment, great pain, agony, mental anguish, emotional distress and surgical intervention. This includes the loss of the opportunity to treat a cancerous condition at a significantly earlier stage and to obtain a better prognosis and treatment options.

60.     That as a consequence of the foregoing, plaintiff MARIA MOREL has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts, which would otherwise have jurisdiction over this case.

## CPLR ARTICLE 16 ALLEGATIONS

61.     That the defendants may not avail themselves of the limitations of liability set forth in Article 16 of the CPLR, as a consequence of exclusions set forth in CPLR 1602(2)(iv).

17

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM          INDEX NO. 518060/2017
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/19/2017

WHEREFORE, plaintiff demands that a judgment be entered against defendants both jointly and separately based upon each of the causes of action set forth herein and awarding plaintiff the costs and disbursements of this action and granting the plaintiff such other and further relief as the court determines to be just and proper.

Dated: New York, New York
       September 19, 2017

Yours, etc.,

SILVER & KELMACHTER, LLP

By: _____

**MARIA P. OJEDA**
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007
(212) 661-8400

18

FILED: KINGS COUNTY CLERK 09/19/2017 12:32 PM

NYSCEF DOC. NO. 1

## VERIFICATION

STATE OF NEW YORK )
)  ss.:
COUNTY OF NEW YORK )

**MARIA P. OJEDA**, an attorney at law, does affirm as follows under the penalties of perjury:

That your affirmant is the attorney for the plaintiff in the within action; your affirmant has read the foregoing COMPLAINT and knows the contents thereof; that same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true and the reason that this verification is not made by the plaintiff and is made by your affirmant is that the plaintiff does not presently reside in the county where the attorneys for the plaintiff maintains their office, such that the verification can be made by an attorney as per CPLR 3020(d)(3).

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from records and from investigation made on behalf of said plaintiff.

Dated: New York, New York
September 19, 2017

MARIA P. OJEDA

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
MARIA MOREL,

                              Plaintiff(s),

        -against-

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE F/K/A LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE HOSPITAL-
BROOKLYN F/K/A LUTHERAN MEDICAL CENTER,
YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC
MOSHENYAT, M.D., ADVANCED MEDICAL GROUP,
P.C., DANIEL NOROWITZ, M.D. and RADIOLOGY
ASSOCIATES OF BROOKLYN, LLP,

                             Defendant(s).
-------------------------------------------------------------------------x

**VERIFIED ANSWER**

Index No.: 518060/2017

       The defendant, **NYU LANGONE HOSPITALS s/h/a NYU LANGONE HOSPITAL-
BROOKLYN f/k/a LUTHERN MEDICAL CENTER**, by its attorneys, VIGORITO, BARKER,
PORTER, & PATTERSON, LLP, answering the complaint of the plaintiff(s), upon information
and belief, respectfully shows to this Court and alleges:

**ANSWERING THE FIRST CAUSE OF ACTION:**

      1.      Denies having knowledge or information sufficient to form a belief as to the
allegations contained within paragraphs "1," "2," "3," "4," "5," "6," "9," "10," "11," "16" and
"17" of the complaint.

      2.      Denies each and every allegation in the form alleged in paragraphs "7," "8," "12,"
"13," "18" and "19" of the complaint and respectfully refer questions of fact to the trier of fact and
questions of law to this Honorable Court, except admits that defendant **NYU LANGONE
HOSPITALS s/h/a NYU LANGONE HOSPITAL-BROOKLYN f/k/a LUTHERN
MEDICAL CENTER** was and is a domestic not-for-profit corporation organized and existing

FILED: KINGS COUNTY CLERK 10/12/2017 05:24 PM          INDEX NO. 518060/2017

NYSCEF DOC. NO. 6                                      RECEIVED NYSCEF: 10/12/2017

under the laws of the State of New York, located at 150 55th Street, Brooklyn, New York 11220

and that the plaintiff Maria Morel received medical treatment at this facility.

     3.     Denies each and every allegation contained in paragraphs "14," "15," "20," "21,"

"22" and "23" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION:

     4.     In response to paragraph "24" repeats and realleges each admission or denial made

herein with the same force and effect herein as to paragraphs "1" through "23" as though same

were more fully set forth herein at length.

     5.     Denies having knowledge or information sufficient to form a belief as to the

allegations contained within paragraphs "25" "26," "27," "28," "29," "30," "31," "32," "33," "34,"

"35," "36" and "37" of the complaint.

     6.     Denies each and every allegation contained in paragraph "38" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION:

     7.     In response to paragraph "39" repeats and realleges each admission or denial made

herein with the same force and effect herein as to paragraphs "1" through "38" as though same

were more fully set forth herein at length.

     8.     Denies having knowledge or information sufficient to form a belief as to the

allegations contained within paragraph "40," "41," "42," "43," "44," "45," "46," "47," "48," "49,"

"50," "51," "52" and "53" of the complaint.

     9.     Denies each and every allegation contained in paragraph "54" of the complaint.

FILED: KINGS COUNTY CLERK 10/12/2017 05:24 PM   INDEX NO. 518060/2017
NYSCEF DOC. NO. 6                                        RECEIVED NYSCEF: 10/12/2017

**ANSWERING THE 2ND THIRD CAUSE OF ACTION:**

10.    In response to paragraph "55" repeats and realleges each admission or denial made herein with the same force and effect herein as to paragraphs "1" through "54" as though same were more fully set forth herein at length.

11.    Deny and begs leave to refer questions of law to the Court contained within paragraphs "56" and "61" of the complaint.

12.    Denies each and every allegation contained in paragraphs "57," "58," "59" and "60" of the complaint.

13.    Any paragraph not answered is hereby deemed denied.

**AS AND FOR A FIRST DEFENSE,**
**THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

14.    That any injuries sustained by plaintiff(s) at the time and place mentioned in the complaint were caused solely and wholly by reason of the carelessness, negligence, recklessness and acts or omissions on the part of the plaintiff and were not caused or contributed to by reason of any carelessness, negligence, recklessness or acts or omissions on the part of this answering defendant.

**AS AND FOR A SECOND DEFENSE,**
**THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

15.    That the answering defendant(s) reserve(s) the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss.

**AS AND FOR A THIRD DEFENSE,**
**THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

16.    In the event plaintiffs recover a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been,

FILED: KINGS COUNTY CLERK 10/12/2017 05:24 PM
INDEX NO. 518060/2017
NYSCEF DOC. NO. 6
RECEIVED NYSCEF: 10/12/2017

or will, with reasonable certainty replace or indemnify plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source.

### AS AND FOR A FOURTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

17.     If plaintiff is entitled to recover damages for loss of earnings or impairment of earning ability as against defendant **NYU LANGONE HOSPITALS s/h/a NYU LANGONE HOSPITAL-BROOKLYN f/k/a LUTHERN MEDICAL CENTER** by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR §4546 the amount of damages recoverable against said defendant, if any, shall be reduced by the amount of federal, state and local income taxes which the plaintiff would have been obligated by law to pay.

### AS AND FOR A FIFTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

18.     The defendant asserts the defense of set-off to reduce the plaintiff's claims under §15-108 of the General Obligations Law.

### AS AND FOR A SIXTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

19.     If the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract other than of the plaintiff then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of non-parties subject to in-personam jurisdiction, and if this pleading defendant is found negligent as to the plaintiff for the injuries and damages set forth in the plaintiff's complaint, then and in that

FILED: KINGS COUNTY CLERK 10/12/2017 05:24 PM INDEX NO. 518060/2017

NYSCEF DOC. NO. 6 RECEIVED NYSCEF: 10/12/2017

event, the relative responsibilities of said pleading defendant must be apportioned by the percentage of liability of said non-parties subject to in-personam jurisdiction.

### AS AND FOR A SEVENTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

20. The alleged causes of action set forth in the complaint did not accrue within the applicable statutory period preceding the commencement of said actions, and said actions are barred by the statute of limitations.

### AS AND FOR AN EIGHTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

21. The defendants will offer proof regarding the Affordable Care Act including the cost of premiums and out-of-pocket limits that were made available to plaintiff under the Affordable Care Act, and will offer proof of the medical costs which plaintiff will not incur under the Affordable Care Act.

### AS AND FOR AN NINTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

22. That the defendant acted in accordance with the appropriate provisions of Section 2805-d of the Public Health Law and relies on the defenses set out therein.

WHEREFORE, the defendant, **NYU LANGONE HOSPITALS s/h/a NYU LANGONE HOSPITAL-BROOKLYN f/k/a LUTHERN MEDICAL CENTER,** demands judgment dismissing the plaintiff(s)' complaint with the costs and disbursements of this action.

Dated: Garden City, New York
October 10, 2017

Yours, etc.,

VIGORITO, BARKER, PORTER, &
PATTERSON, LLP

By: *Margaret Antonino*
    Margaret Antonino
    Attorneys for Defendant(s)
    **NYU LANGONE HOSPITALS s/h/a NYU
    LANGONE       HOSPITAL-BROOKLYN
    f/k/a LUTHERN MEDICAL CENTER**
    300 Garden City Plaza, Suite 308
    Garden City, New York 11530
    (516) 282-3355
    VBPP File No.: 67-013

TO:    SILVER & KELMACHTER, LLP
       Attorneys for Plaintiff
       11 Park Place, Suite 1214
       New York, New York 10007
       (212) 661-8400

FILED: KINGS COUNTY CLERK 10/12/2017 05:24 PM INDEX NO. 518060/2017
NYSCEF DOC. NO. 6                                                    RECEIVED NYSCEF: 10/12/2017

## ATTORNEY'S VERIFICATION

Margaret Antonino an attorney duly admitted and licensed to practice in the courts of this State affirms the following pursuant to CPLR 2106:

I am the attorney for the defendant, **NYU LANGONE HOSPITALS s/h/a NYU LANGONE HOSPITAL-BROOKLYN f/k/a LUTHERN MEDICAL CENTER**, herein; and I have read the foregoing answer and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by the defendant personally is, that the defendant is not within the county where your affirmant has an office. That the sources of your affirmant's information and the grounds of his/her belief as to the matters so alleged herein are investigations had by the defendant, his/her agents, servants and representatives into the subject matter hereof and correspondence relating thereto, reports of which investigations and copies of which correspondence are in the possession of your affirmant.

Dated: Garden City, New York
       October 4, 2017

*Margaret Antonino*
Margaret Antonino

# Exhibit C

FILED: KINGS COUNTY CLERK 10/13/2017 03:18 PM    INDEX NO. 518060/2017
NYSCEF DOC. NO. 9    RECEIVED NYSCEF: 10/13/2017

KH:js (Our File No.: 11-17-106-15-E)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
MARIA MOREL,                                    **Index No.: 518060/17**

                              Plaintiff,

                                                **VERIFIED ANSWER**

            -against-

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE f/k/a LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE
HOSPITAL-BROOKLYN f/k/a LUTHERAN MEDICAL
CENTER, YITZCHAK MOSHENYAT, M.D. a/k/a
ISAAC MOSHENYAT, M.D., ADVANCED MEDICAL
GROUP, P.C., DANIEL NOROWITZ, M.D. and
RADIOLOGY ASSOCIATES OF BROOKLYN, LLP,

                              Defendants.
-------------------------------------------------------------------X

        Defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN,

LLP, by their attorneys, VASLAS LEPOWSKY HAUSS & DANKE LLP, as and for their Answer to

Plaintiff's Verified Complaint, respectfully shows to this Court and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN HEALTH CENTER and NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER

        1.      Denies any knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13",

"14", "15", "16", "17", "18", "19", "20", "21" and "22".

        2.      Denies any knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraph "23" and all questions of law are reserved for the Court.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## YITZCHAK MOSHENYAT, M.D. a/k/a ISAAC MOSHENYAT, M.D.
## and ADVANCED MEDICAL GROUP, P.C.

3.     Repeats and reiterates each admission or denial heretofore made in response to paragraph "24".

4.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36" and "37".

5.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "38" and all questions of law are reserved for the Court.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## DANIEL NOROWITZ and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP

6.     Repeats and reiterates each admission or denial heretofore made in response to paragraph "39".

7.     Denies in the form alleged the allegations contained in paragraphs "40", "45", "46", "47", "48,", "49" and "50".

8.     Admits the allegations contained in paragraphs "41" and "44".

9.     Denies in the form alleged the allegations contained in paragraph "42" but admits RADIOLOGY ASSOCIATES OF BROOKLYN, LLP was and still is a domestic registered limited liability partnership.

10.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "43".

11.     Denies each and every allegation contained in paragraphs "51", "52" and "53".

12.     Denies each and every allegation contained in paragraph "54" and all questions or law are reserved for the Court.

2

FILED: KINGS COUNTY CLERK 10/13/2017 03:18 PM    INDEX NO. 518060/2017

NYSCEF DOC. NO. 9                                                    RECEIVED NYSCEF: 10/13/2017

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL OF THE**
**DEFENDANTS BASED ON SECTION 2805-d OF THE PUBLIC HEALTH LAW**

13.    Repeats and reiterates each admission or denial heretofore made in response to paragraph "55".

14.    Denies each and every allegation contained in paragraphs "56", "57", "58" and "59".

15.    Denies each and every allegation contained in paragraph "60" and all questions of law are reserved for the Court.

### CPLR ARTICLE 16 ALLEGATIONS

16.    Denies each and every allegation contained in paragraph "61".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, that any injury which plaintiff or plaintiff's decedent may have sustained at the time and place set forth in the Complaint herein was caused wholly or in part, or was contributed to by the culpable conduct and negligence of said plaintiff, or another natural person over whom jurisdiction could be obtained and the amount of damages awarded herein, if any, should be denied or diminished in proportion to the amount of said culpable conduct and negligence of said plaintiff, plaintiff's decedent or another natural person over whom jurisdiction could be obtained.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any claim based upon lack of informed consent is barred by Public Health Law Section 2805-d.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants claim the protections, benefits and limitations on liability set forth in Article 14 of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the defendant reserves the right to claim the limitations of liability provided pursuant to General Obligations Law §15-108.

3

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the defendant reserves the right to claim the limitations of liability provided pursuant to Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss has been or will with reasonable certainty, be paid or indemnified in whole or in part from collateral source as defined in Section 4545 of the New York Civil Practice Law.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from collateral source.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to recover damages for loss of earnings or impairment of earning ability as against defendants DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR 4546 the amount of damages recoverable against said defendant, if any shall be reduced by the amount of federal, state and local income taxes which the plaintiff would have been obligated to pay.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' right to recover damages, if any, are barred in whole or in part pursuant to the Patient Protection and Affordable Care Act, 26 USCS Section 5000A.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Recovery on the claims set forth in the Complaint is diminished or barred by the failure of the plaintiff to mitigate damages.

4

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That all causes of action herein may not be maintained (in whole or in part) because it is barred by the Statute of Limitations.

**PLEASE BE ADVISED,** any paragraph of plaintiff's Complaint not answered is denied.

**WHEREFORE,** defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP, demand judgment dismissing the Complaint herein as to said defendants, with costs and further demands that the ultimate rights of said defendants and all other defendants as between themselves be determined in this action, and that the answering defendants have judgment over and against all other defendants for all or any part of any verdict or judgment which may be obtained herein by the plaintiff against defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP together with the costs, interest and disbursements of this action.

Dated: Staten Island, New York
October 12, 2017

Yours, etc.

VASLAS LEPOWSKY HAUSS & DANKE LLP

By: _____
KAREN HAUSS
Attorneys for Defendants
DANIEL NOROWITZ, M.D. and RADIOLOGY
ASSOCIATES OF BROOKLYN, LLP
201 Edward Curry Avenue, Suite 100
Staten Island, New York 10314
(718) 761-9300

TO: Silver & Kelmachter, LLP
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007

Bhupendra Wagley, M.D.
8502 Fort Hamilton Parkway
Brooklyn, New York 11206

Family Health Centers at NYU Langone f/k/a
Sunset Park Lutheran Family Health Center
150 55th Street
Brooklyn, New York 11220

NYU Langone Hospital – Brooklyn f/k/a
Lutheran Medical Center
150 55th Street
Brooklyn, New York 11220

Yitzchak Moshenyat, M.D. a/k/a
Isaac Moshenyat, M.D.
2044 Ocean Avenue, Suite A-3
Brooklyn, New York 11230

Advanced Medical Group, P.C.
2044 Ocean Avenue, Suite A-3
Brooklyn, New York 11230

Case 1:18-cv-02108-AMD-RML Document 1 Filed 04/09/18 Page 43 of 75 PageID #: 43

KH:js (Our File No.: 11-17-104-15-E)

## VERIFICATION

STATE OF NEW YORK )
                   ss:-
COUNTY OF RICHMOND )

      KAREN HAUSS, being duly sworn, deposes and says:

      That she is a member with the firm of VASLAS LEPOWSKY HAUSS & DANKE LLP, attorneys for defendants, DANIEL NOROWITZ, M.D. and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP, in this action. That she has read the foregoing ANSWER and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

      The reason this verification is made by deponent and not by said defendants is that the defendant herein resides in a county other than the one in which deponent maintains her office.

      The source of deponent's information and the grounds of her belief are communications, papers, reports and investigations contained in the file.

                                        KAREN HAUSS

Sworn to before me this
13th day of October 2017

          Notary Public

MARIA E. MERINGOLO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01ME6115852
QUALIFIED IN RICHMOND COUNTY
COMMISSION EXPIRES SEPT. 13, 20__

# Exhibit D

FILED: KINGS COUNTY CLERK 11/02/2017 06:04 PM
NYSCEF DOC. NO. 16

INDEX NO. 518060/2017

RECEIVED NYSCEF: 11/02/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————

MARIA MOREL,                                    **INDEX NO.: 518060/2017**

Plaintiff,

-against-                                       **VERIFIED ANSWER**

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE F/K/A LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE
HOSPITAL-BROOKLYN F/K/A LUTHERAN
MEDICAL CENTER, YITZCHAK MOSHENYAT, M.D.
A/K/A ISAAC MOSHENYAT, M.D., ADVANCED
MEDICAL GROUP, P.C., DANIEL NOROWITZ, M.D.,
and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP,

Defendants.

———————————————————

Defendants, **YITZCHAK MOSHENYAT, M.D. s/h/a YITZCHAK MOSHENYAT,**

**M.D. a/k/a ISAAC MOSHENYAT, M.D. and ADVANCED MEDICAL GROUP, P.C.,** by

their attorneys, **McALOON & FRIEDMAN, P.C.,** as and for their Verified Answer to the

Verified Complaint of the plaintiff, respectfully allege upon information and belief as follows:

<u>**ANSWERING THE FIRST CAUSE OF ACTION**</u>

1.      Deny any knowledge or information sufficient to form a belief as to each

and every allegation set forth in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17,

18, 19, 20, 21 and 22 of plaintiff's Verified Complaint.

2.      Deny each and every allegation set forth in Paragraph 23 of plaintiff's

Verified Complaint.

Case 1:18-cv-02108-AMD-RML   Document 1   Filed 04/09/18   Page 46 of 75 PageID #: 46

### ANSWERING THE SECOND CAUSE OF ACTION

3.  The answering defendants repeat and reiterate each and every denial or denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint repeated and alleged by plaintiffs in Paragraph 24 of the Verified Complaint.

4.  Deny each and every allegation set forth in Paragraphs 25, 28, 32, 33, 34, 35, 36, 37 and 38 of plaintiff's Verified Complaint.

5.  Deny any knowledge or information sufficient to form a belief as to each and every allegation set forth in Paragraph 30 of plaintiff's Verified Complaint.

6.  Deny each and every allegation set forth in Paragraph 31 of plaintiff's Verified Complaint to the extent that the allegation that defendant, YITZCHAK MOSHENYAT, M.D., was "acting within the scope, cause and/or in furtherance of his employment with defendant, ADVANCED MEDICAL GROUP, P.C.," is incomprehensible.

### ANSWERING THE THIRD CAUSE OF ACTION

7.  The answering defendants repeat and reiterate each and every denial or denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint repeated and alleged by plaintiffs in Paragraph 39 of the Verified Complaint.

8.  Deny any knowledge or information sufficient to form a belief as to each and every allegation set forth in Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 54 of plaintiff's Verified Complaint.

### ANSWERING THE SECOND THIRD CAUSE OF ACTION

9.  The answering defendants repeat and reiterate each and every denial or denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint repeated and alleged by plaintiffs in Paragraph 55 of the Verified Complaint.

2

10. Deny each and every allegation set forth in Paragraphs 56, 57, 58, 59 and 60 of plaintiff's Verified Complaint.

### ANSWERING CPLR ARTICLE 16 ALLEGATIONS

11. Deny each and every allegation set forth in Paragraph 61 of plaintiff's Verified Complaint.

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

12. The injuries and damages of the plaintiff, for which these causes of action have been instituted, were caused wholly or in part through the culpable conduct and contributory negligence on the part of plaintiff and therefore the amount of damages, if any, shall be diminished in the proportion which said conduct attributable to plaintiff bears to the defendants' conduct, if any, which caused the damages.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

13. If any one of the parties or non-parties settles with plaintiff, defendants are entitled to an offset under G.O.L. §15-108.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

14. The defendants' conduct, if any, is limited pursuant to CPLR §1600, et seq.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

15. Plaintiffs' Second Third Cause of Action, if any, is barred pursuant to §2805-d of the Public Health Law.

3

FILED: KINGS COUNTY CLERK 11/02/2017 06:04 PM

NYSCEF DOC. NO. 16

INDEX NO. 518060/2017

RECEIVED NYSCEF: 11/02/2017

**AS AND FOR A FIFTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE:**

16.     Any verdict or judgment should be reduced by the amounts of past or future collateral source reimbursements of alleged special damage pursuant to CPLR §4545(c).

**AS AND FOR A SIXTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE:**

17.     The plaintiff's right to recover damages is barred in whole or in part pursuant to the Patient Protection and Affordable Care Act 26 USC Section 5000A.

**AS AND FOR A SEVENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE:**

18.     The statute of limitations expired for any medical treatment by defendant, YITZCHAK MOSHENYAT, M.D. and/or defendant, ADVANCED MEDICAL GROUP, P.C., provided to plaintiff before March 19, 2015.

**WHEREFORE**, the answering defendants demand judgment dismissing plaintiff's Verified Complaint, together with the costs and disbursements of this action.

McALOON & FRIEDMAN, P.C.

By:_____
            LAURA R. SHAPIRO
**Attorneys for Defendants
YITZCHAK MOSHENYAT, M.D.
s/h/a YITZCHAK MOSHENYAT,
M.D. a/k/a ISAAC MOSHENYAT,
M.D. and ADVANCED MEDICAL
GROUP, P.C.**
Office and P.O. Address
123 William Street - 25th Floor
New York, NY 10038-3804
Tel. (212) 732-8700

4

FILED: KINGS COUNTY CLERK 11/02/2017 06:04 PM                INDEX NO. 518060/2017

NYSCEF DOC. NO. 16                                          RECEIVED NYSCEF: 11/02/2017

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                                  : SS.:
COUNTY OF NEW YORK  )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am a member of the firm of McALOON & FRIEDMAN, P.C., attorneys of record for the defendants, **YITZCHAK MOSHENYAT, M.D. s/h/a YITZCHAK MOSHENYAT, M.D. a/k/a ISAAC MOSHENYAT, M.D. and ADVANCED MEDICAL GROUP, P.C.,** in the within action; I have read the foregoing ANSWER and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by defendants is because defendants reside outside the county where deponent maintains her office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: all records, reports and documents maintained by deponent in her file.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
November 2, 2017

_____
LAURA R. SHAPIRO, ESQ.

5

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )

               : ss.:

COUNTY OF NEW YORK )

ALVA T. ALLEN, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Queens, New York;

That on the 2nd day of November, 2017, deponent served the within **VERIFIED ANSWER o/b/o YITZCHAK MOSHENYAT, M.D. and ADVANCED MEDICAL GROUP, P.C.** upon the following attorneys for the parties shown below at the addresses shown below, being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York:

SILVER & KELMACHTER, LLP
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, NY 10007
Tel (212) 661-8400

VASLAS LEPOWSKY HAUSS &
DANKE, LLP
Attorneys for Defendants
DANIEL NOROWITZ, M.D. and
RADIOLOGY ASSOCIATES OF
BROOKLYN, LLP
201 Edward Curry Avenue, Suite 100
Staten Island, NY 10314
Tel. (718) 761-9300

VIGORITO, BARKER, PORTER &
PATTERSON, LLP
Attorneys for Defendant
NYU LANGONE HOSPITALS s/h/a NYU
LANGONE HOSPITAL – BROOKLYN
f/n/a LUTHERAN MEDICAL CENTER
300 Garden City Plaza, Suite 308
Garden City, NY 11530
Tel. (516) 282-3355
VBPP File No.: 67-013

_____
ALVA T. ALLEN

Sworn to before me this
2nd day of November, 2017

_____
Brandon A. Dawson
Notary Public, State of New York
No. 01DA6290499
Qualified in Queens County
Commission Expires October 7, 2021

6

FILED: KINGS COUNTY CLERK 11/02/2017 06:04 PM INDEX NO. 518060/2017

NYSCEF DOC. NO. 16 RECEIVED NYSCEF: 11/02/2017

Index No. 518060         Year 2017

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

MARIA MOREL,

                           Plaintiff,

       -against-

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER, NYU LANGONE HOSPITAL-BROOKLYN F/K/A LUTHERAN MEDICAL CENTER, YITZCHAK MOSHENYAT, M.D. A/K/A ISAAC MOSHENYAT, M.D., ADVANCED MEDICAL GROUP, P.C., DANIEL NOROWITZ, M.D., and RADIOLOGY ASSOCIATES OF BROOKLYN, LLP,

                           Defendants.

## VERIFIED ANSWER

### McALOON & FRIEDMAN, P.C.
*Attorneys for Defendants*
*YITZCHAK MOSHENYAT, M.D. and ADVANCED MEDICAL GROUP, P.C.*
*Office and Post Office Address, Telephone*
**123 William Street**
**New York, New York 10038-3804**
**(212) 732-8700**        **(212) 227-2903**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: November 2, 2017             Signature............................................................................

                                Print Signer's Name  LAURA R. SHAPIRO

To
Attorney(s) for

Service of a copy of the within                                 is hereby admitted.
Dated,                             Attorney(s) for

Sir: - Please take notice
[ ] Notice of Entry       that the within is a *(certified)* true copy of a       duly entered in the office of the clerk of the
                    within named court on           20

[ ] Notice of Settlement    that an order               of which the within is a true copy will be presented for settlement
                   to the HON.                     one of the judges of the within named court,

                   at
                   on               20     at            M.

Dated,                                  Yours, etc.,
                                 **McALOON & FRIEDMAN, P.C.**
                                 **Attorneys for Defendants**
                                 *YITZCHAK MOSHENYAT, M.D. and*
                                 *ADVANCED MEDICAL GROUP*
                                 *Office and Post Office Address, Telephone*
                                 **123 William Street**
                                 **New York, New York 10038-3804**

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

Maria Morel,                                                    )
                                                               )
      Plaintiff,                                          )
                                                               )
        v.                                              )
                                                               )
Bhupendra Wagley, M.D., Family Health Centers at NYU   )
Langone f/k/a Lutheran Family Health Center, NYU        )
Langone Hospital – Brooklyn f/k/a Lutheran Medical      )
Center, Yitzchak Moshenyat, M.D., a/k/a Isaac Moshenyat, )
M.D., Advanced Medical Group, P.C., Daniel Norowitz,    )
M.D., and Radiology Associates of Brooklyn, LLP,        )
                                                               )
      Defendants.                                         )

## DECLARATION OF
## <u>MEREDITH TORRES</u>

1.   I am a Senior Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department").   I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2.   The Department has a Claims Office that maintains in a computerized database a record of

administrative tort claims filed with the Department, including those filed with respect to federally

supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice

coverage.

3.   As a consequence, if an administrative tort claim had been filed with the Department with

respect to Sunset Park Health Council, Inc., its approved delivery sites or its employees and/or

qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.  I have caused a search of the Claims Branch's database to be conducted and found that Maria Ojeda, Esq. filed an administrative tort claim on behalf of Maria Morel on January 29, 2018, relating to Sunset Park Health Council, Inc. and Dr. Bhupendra Wagley.   To date, no final determination has been issued on the administrative tort claim and the Plaintiff has not exhausted her administrative remedies pursuant to 28 U.S.C. § 2675.

5.  I have also reviewed official Agency records and determined that Sunset Park Health Council, Inc. was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2011, and its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Sunset Park Health Council, Inc., by an Assistant Surgeon General, Department of Health and Human Services is attached to this declaration as Exhibit 1.

6. Official Agency records further indicate that Dr. Bhupendra Wagley was an employee of Sunset Park Health Council, Inc., at all times relevant to the Plaintiff's complaint.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this _28th_ day of _March_, 2018.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law

General Law Division
Office of the General Counsel
Department of Health and Human Services

| | |
|---|---|
| **1. ISSUE DATE:** 8/26/2010 | |
| **2. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-10-1 | |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2011 THROUGH: 12/31/2011 | |
| **4. NOTICE TYPE:** Renewal | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>55TH STREET<br>BROOKLYN, NY 11220-2559 |  |
| **5b. DBA NAME:** | **NOTICE OF DEEMING ACTION**<br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act<br>(FSHCAA), as amended, |
| **6. ENTITY TYPE:** Grantee | Sections 224(g)-(n) of the Public Health Service (PHS)<br>Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(H) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 8/26/2010 8:49:18 AM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-10-1 | GRANT NUMBER:<br>H80CS07914 |  |
| --- | --- | --- |

**Sunset Park Health Council, Inc**
**55TH STREET**
**BROOKLYN, NY 11220-2559**

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2011 through 12/31/2011.

Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, is a licensed or certified provider in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the FTCA Help Line at 1-877-464-4772.

| | |
|---|---|
| **1. ISSUE DATE:** 11/17/2011 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000900-11-01 | |
| **2b. Supersedes: [ ]** . | |
| **3. COVERAGE PERIOD:** FROM: 1/1/2012 THROUGH: 12/31/2012 | DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:** Sunset Park Health Council, Inc 150 55TH STREET BROOKLYN, NY 11220-2559 | **HRSA** **NOTICE OF DEEMING ACTION** **FEDERAL TORT CLAIMS ACT AUTHORIZATION:** |
| **6. ENTITY TYPE:** Grantee | Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) |
| **7. EXECUTIVE DIRECTOR:** Larry McReynolds | Act, 42 U.S.C. § 233(g)-(n) |
| **8a. GRANTEE ORGANIZATION:** Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on:* 11/17/2011 3:15:03 PM

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-11-01 | GRANT NUMBER:<br>H80CS07914 |  |
| --- | --- | --- |

**Sunset Park Health Council, Inc**
**150 55TH STREET**
**BROOKLYN, NY 11220-2559**

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2012 through 12/31/2012.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 11/14/2012 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000900-12-01 | DEPARTMENT OF HEALTH AND HUMAN SERVICES |
| **2b. Supersedes:** [ ] | HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **3. COVERAGE PERIOD:** FROM: 1/1/2013 THROUGH: 12/31/2013 | |
| **4. NOTICE TYPE:** Renewal | **NOTICE OF DEEMING ACTION** |
| **5a. ENTITY NAME AND ADDRESS:** Sunset Park Health Council, Inc 150 55TH STREET BROOKLYN, NY 11220-2559 | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:** Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:** Larry McReynolds | |
| **8a. GRANTEE ORGANIZATION:** Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on:* 11/14/2012 8:25:51 AM

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-12-01 | GRANT NUMBER:<br>H80CS07914 |  |

**Sunset Park Health Council, Inc**
**150 55TH STREET**
**BROOKLYN, NY 11220-2559**

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2013 through 12/31/2013.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/18/2013 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-13-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2014 THROUGH: 12/31/2014 | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES |
| **4. NOTICE TYPE:** Renewal | HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>150 55TH STREET<br>BROOKLYN, NY 11220-2559 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION** |
| **6. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act<br>(FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | Act, 42 U.S.C. § 233(g)-(n) |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/18/2013 12:29:01 PM*

| FTCA DEEMING NOTICE NO.: 1-F00000900-13-01 | GRANT NUMBER: H80CS07914 |  |
|---|---|---|

Sunset Park Health Council, Inc
150 55TH STREET
BROOKLYN, NY 11220-2559

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2014 through 12/31/2014.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/26/2014 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-14-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>**FROM: 1/1/2015 THROUGH: 12/31/2015** | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>150 55TH STREET<br>BROOKLYN, NY 11220-2559 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION** |
| **6. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act<br>(FSHCAA), as amended, |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | Sections 224(g)-(n) of the Public Health Service (PHS)<br>Act, 42 U.S.C. § 233(g)-(n) |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/26/2014 9:59:08 AM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-14-01 | GRANT NUMBER:<br>H80CS07914 |  |
| --- | --- | --- |

**Sunset Park Health Council, Inc**
**150 55TH STREET**
**BROOKLYN, NY11220-2559**

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2015 through 12/31/2015.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/30/2015 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-15-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2016 **THROUGH:** 12/31/2016 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>150 55TH STREET<br>BROOKLYN, NY 11220-2559 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:** |
| **6. ENTITY TYPE:** Grantee | Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 6/30/2015 10:16:32 AM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-15-01 | GRANT NUMBER:<br>H80CS07914 |  |
|---|---|---|

**Sunset Park Health Council, Inc**
**150 55TH STREET**
**BROOKLYN, NY11220-2559**

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2016 through 12/31/2016.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 7/11/2016 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-16-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2017 **THROUGH:** 12/31/2017 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>150 55TH STREET BROOKLYN, NY 11220-2559<br>BROOKLYN, NY | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Beth Perrine, Deputy Associate Administrator for Primary Health Care on: 7/11/2016 8:47:20 AM*

| FTCA DEEMING NOTICE NO.: 1-F00000900-16-01 | GRANT NUMBER: H80CS07914 |  |
| --- | --- | --- |

**Sunset Park Health Council, Inc**
**150 55TH STREET BROOKLYN, NY 11220-2559**
**BROOKLYN, NY**

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2017 through 12/31/2017.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

# Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA MOREL,

        Plaintiff,

    v.

BHUPENDRA WAGLEY, M.D., FAMILY HEALTH
CENTERS AT NYU LANGONE F/K/A LUTHERAN
FAMILY HEALTH CENTER, NYU LANGONE
HOSPITAL-BROOKLYN F/K/A LUTHERAN
MEDICAL CENTER, YITZCHAK MOSHENYAT,
M.D. A/K/A ISAAC MOSHENYAT, M.D.,
ADVANCED MEDICAL GROUP, P.C., DANIEL
NOROWITZ, M.D. and RADIOLOGY ASSOCIATES
OF BROOKLYN, LLP,

        Defendants.

Civil Action No. 18-CV-_____

(_____, J.)
(_____, M.J.)

## CERTIFICATION OF SCOPE OF EMPLOYMENT AND NOTICE OF SUBSTITUTION OF UNITED STATES AS PARTY DEFENDANT FOR BHUPENDRA WAGLEY, M.D. AND FAMILY HEALTH CENTERS AT NYU LANGONE F/K/A LUTHERAN FAMILY HEALTH CENTER

By virtue of the authority vested in this Office by the Attorney General pursuant to

28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect

to the incidents alleged in the Verified Complaint, that Defendant Bhupendra Wagley, M.D., was

acting within the scope and course of her federal employment as an employee of the defendant

Family Health Centers at NYU Langone f/k/a Lutheran Family Health Center ("Health Center"),

an approved delivery site of Sunset Park Health Council, Inc., which has been deemed for Federal

Tort Claims Act Authorization under the Federally Supported Health Centers Assistance Act,

42 U.S.C. § 233(g)-(n) ("FSHCAA"), by grantee United States Department of Health and Human

Services, at the time of the incidents over which the above-referenced action arose.

1

Accordingly, pursuant to 42 U.S.C. § 233(a), (c), (g), the United States of America is hereby substituted by operation of law as a party defendant for Defendants Dr. Wagley and the Health Center, and any and all claims asserted in the Verified Complaint against Defendants Dr. Wagley and the Health Center shall be, and hereby are, deemed to be claims for relief against the United States of America.

Dated: Brooklyn, New York
      April 9, 2018

                          RICHARD P. DONOGHUE
                          United States Attorney
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201

            By:
                          GAIL A. MATTHEWS
                          Assistant United States Attorney
                          (718) 254-6025
                          gail.matthews2@usdoj.gov

To:    Perry D. Silver, Esq. (by ECF and Federal Express)
       SILVER & KELMACHTER, LLP
       Attorneys for Plaintiff
       11 Park Place, Suite 1214
       New York, New York 10007
       (212) 661-8400
       *Attorneys for Plaintiff*

       Margaret Antonino, Esq. (by ECF and Federal Express)
       VIGORITO, BARKER, PORTER, & PATTERSON, LLP
       300 Garden City Plaza, Suite 308
       Garden City, New York 11530
       (516) 282-3355
       *Attorneys for Defendant NYU Langone Hospitals s/h/a NYU Langone Hospital-Brooklyn f/k/a Lutheran Medical Center*

       Karen Hauss, Esq. (by ECF and Federal Express)
       VASLAS LEPOWSKY HAUSS & DANKE LLP
       201 Edward Curry Avenue, Suite 100
       Staten Island, New York 10314
       (718) 761-9300
       *Attorneys for Defendants Daniel Norowitz, M.D. and Radiology Associates of Brooklyn, LLP*

Laura R. Shapiro, Esq. (by ECF and Federal Express)
McALOON & FRIEDMAN, P.C.
123 William Street, 25th Floor
New York, NY 10038
(212) 732-8700
*Attorneys for Defendants Yitzchak Moshenyat, M.D. s/h/a Yitzchak Moshenyat, M.D.
a/k/a Isaac Moshenyat, M.D., and Advanced Medical Group, P.C.*

3